Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 6328 | **DATE** | 1/16/2002 |
| **CASE TITLE** | Robin Hollis vs. Joel M. Nuby, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter memorandum opinion and order. Plaintiff's motion to vacate order of voluntary dismissal to reinstate case, and for leave to file second amended complaint and summons on third party defendants is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 1 6 2002 | 40 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 1/16/2002 | |
| | | FILED-E03 | date mailed notice | |
| IS | courtroom deputy's initials | 02 JAN 16 PM 3: 07 | IS | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROBIN HOLLIS,

    Plaintiff,

v.

JOEL M. NUBY, a.k.a./d.b.a. J. NUBY
HOME IMPROVEMENT COMPANY,
JAMES WIDEN, GARY JONES, and
NEIGHBORHOOD HOUSING SERVICES
INC.,

    Defendants.

Case No. 97 C 6328

Magistrate Judge
Martin C. Ashman

DOCKETED

JAN 1 6 2002

## MEMORANDUM OPINION AND ORDER

Robin Hollis seeks relief from this Court's December 8, 2000 order granting Hollis's Motion for Voluntary Dismissal without prejudice. *See* Fed. R. Civ. P. 41. Hollis asks this Court to grant relief pursuant to clause two or clause six of Federal Rule of Civil Procedure 60(b).

Relief under Rule 60(b) is an extraordinary remedy that is granted only in exceptional circumstances. *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995). One such circumstance is where the moving party presents "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Another such circumstance is where the moving party presents "any . . . reason [besides the other five enumerated reasons contained in Rule 60(b)] justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). A motion pursuant to Rule 60(b) must

be made within a reasonable time, and a motion pursuant to Rule 60(b)(2) must be made not more than one year after the order was entered. Fed. R. Civ. P. 60(b).

First and foremost, we deny Hollis's motion under Rule 60(b)(2) because her motion was filed more than one year after this Court's December 8 order was entered. Hollis filed the instant motion on January 7, 2002. But even if that were not the case, we would deny Hollis's motion under Rule 60(b)(2) on substantive grounds. She has failed to present this Court with any facts to show that her "newly discovered evidence" is actually new. She has also failed to present this Court with any facts to show that she could not have discovered her "newly discovered evidence" with due diligence prior to the entry of this Court's December 8 order. Hollis only provides this Court with the most general statements to support her motion such as "Plaintiff . . . identified new evidentiary matters, and additional, relevant facts." (Pl.'s Mot. Vacate ¶ 3.) General statements of this sort are wholly deficient to support a motion for extraordinary relief under Rule 60(b)(2).

The same problems plague Hollis's motion under Rule 60(b)(6). Because Hollis has failed to present any facts to show that her motion was filed within a reasonable time, we deny Hollis's motion under Rule 60(b)(6) as untimely. Alternatively, we deny Hollis's motion under Rule 60(b)(6) because she has failed to present any facts to show that extraordinary relief under Rule 60(b)(6) is warranted. In this regard, we cannot even discern the basis of Hollis's motion under Rule 60(b)(6).

\* \* \*

For the reasons stated, this Court denies Hollis's Motion to Vacate. We note that neither this order nor this Court's December 8 order precludes Hollis from filing a new lawsuit.

**ENTER ORDER:**

MARTIN C. ASHMAN
United States Magistrate Judge

**Dated:** January 16, 2002.

Copies have been mailed to:

| | |
|---|---|
| ERNEST N. POWELL, JR., Esq.<br>8110 South Cottage Grove Avenue<br>Chicago, IL 60619 | ROBERT A. EGAN, Esq.<br>Robert A. Egan, P.C.<br>221 North LaSalle Street<br>Suite 2910<br>Chicago, IL 60601 |
| Attorney for Plaintiff | Attorney for Defendants |